Poehler, J.
This suitwas initiated by Portfolio Recovery Associates, LLC (“Portfolio”) in the Southern Berkshire Division of the District Court against Adrienne Metcalf, a/k/a Adrienne K. Metcalf (“Metcalf’), to collect a credit card debt. In its complaint, Portfolio alleged that Metcalf owed U.S. Bank National Association (“U.S. Bank”) $15,963.94 in credit card debt; that Portfolio paid U.S. Bank to acquire the debt; and *191 that Portfolio is seeking that amount from Metcalf. In response, Metcalf counterclaimed for usurious interest rates on the account On September 18, 2014, Portfolio filed a motion for summary judgment with affidavits attached in support thereof. Metcalf filed an opposition in which she argued the inadmissibility of Portfolio’s affidavits on hearsay grounds. After a hearing, the court awarded summary judgment to Portfolio and dismissed Metcalfs counterclaim. Metcalf appeals on two grounds: first, that Portfolio lacked standing to prosecute the claim, and second, that the trial court considered inadmissible hearsay in reaching its decision.[3] Because we conclude that the affidavits submitted by Portfolio in support of summary judgment were insufficient, we vacate the judgment and return the matter for further proceedings.
Summary judgment is appropriate where it can be shown that “there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Mass. R. Civ. P., Rule 56 (c). Affidavits submitted in support of summary judgment “shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” Mass. R. Civ. P., Rule 56(e).
Portfolio’s summary judgment motion was supported by three affidavits. The first, from Johnny Tabor (‘Tabor”), avers that he is custodian of the records for Portfolio and that he reviewed the records of Portfolio kept in the ordinary course of business, including those transferred to Portfolio from U.S. Bank in connection with Portfolio’s purchase of Metcalfs account. Tabor further avers that according to those records, Portfolio is the owner of Metcalfs account and she owes $15,963.94. The Tabor affidavit does not say what particular records he reviewed, nor are any records referenced or attached as exhibits to his affidavit.
The second affidavit is from Tamara Lockridge (“Lockridge”). She avers that she is an employee of U.S. Bank and that her duties include keeping its books and records. She further avers that she reviewed the records kept in the ordinary course of the business of U.S. Bank and that those records indicate that the Metcalf account was opened in 2007; that it was sold to Portfolio by a Bill of Sale and Assignment of Assets dated February 22, 2013; and that, thereafter, U.S. Bank had no further interest in the account. She also verifies Metcalfs social security number and states that the balance on the account sold to Portfolio was $15,963.94. No records are attached to her affidavit.
The third affidavit is from Kat Metta. She avers that she is a custodian of the books and records of U.S. Bank and that she is “aware of the process of the sale and assignment of electronically stored business records.” She states that on February 22,2013, U.S. Bank sold a pool of accounts to Portfolio and that as part of that sale, electronic and other records that had been kept in the ordinary course of business of U.S. Bank were transferred to Portfolio. Her affidavit does not reference any attached records.
In addition to the affidavits, Portfolio presented to the court the following documents (the “Documents”) in support of its motion: (1) copies of what appear to be credit card statements addressed to Metcalf;[4] (2) two pages of data regarding the *192 Metcalf account purportedly printed by Portfolio from electronic records provided by U.S. Bank; and (3) a copy of a document entitled, “Bill of Sale and Assignment of Assets,” dated February 22,2013, which states that U.S. Bank is assigning to Portfolio all of its “right, title and interest in and to each of the assets identified in the Asset Schedule (Asset Schedule’) attached hereto as Exhibit A (‘the Assets’) together with the right to collect all principal, interest or other proceeds of any land with respect to the Assets.” No Exhibit A is attached.
None of the affiants purport to have personal knowledge of Metcalfs account or the sale of that account by U.S. Bank to Portfolio. Each affiant states that his or her knowledge is based on a review of the business records of Portfolio and U.S. Bank. Business records are admissible pursuant to G.L.c. 233, §78, if it is demonstrated that they were made “in good faith in the regular course of business and before the beginning of the civil... proceeding... and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter.” Id. See also DiMarzo v. American Mut. Ins. Co., 389 Mass. 85, 105 (1983). However, the Documents filed with Portfolio’s summary judgment motion are not specifically referred to in any of the affidavits, nor do the affidavits incorporate by reference any attachments.[5] Thus, the affidavits contain hearsay statements made allegedly after a review of records that were not presented to the court in any admissible fashion.
The Documents may well be business records, and upon the appropriate showing, they may indeed be found to be admissible under G.L.c. 233, §78. "Without an affidavit of the keeper of the records properly authenticating them, however, they have no admissible evidentiary value. Simply put, a keeper of the record’s bald statement that he or she has reviewed business records and that they contain certain facts, without identifying and attaching the records, is hearsay.[6]
The trial court considered inadmissible hearsay and unauthenticated documents in allowing Portfolio’s motion for summary judgment. The judgment is therefore vacated, and the case is returned to the Southern Berkshire Division of the District Court for further proceedings.

 The defendant has not appealed from the dismissal of her counterclaim.

 The record contains 36 pages of credit card statements addressed to Metcalf and sent from Greylock Federal Credit Union. There was no evidence presented in the summary judgment affidavits of the connection between Greylock Federal Credit Union and U.S. Bank or Portfolio.

 The exception is the Lockridge affidavit, which references (but does not attach) a “Bill of Sale and Assignment of Assets dated 2/22/2013.”

 For the same reason, we determine that Portfolio’s affidavits were insufficient to establish standing in that they did not contain admissible evidence of Portfolio’s ownership of Metcalfs account.